# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LORRAINE RAMIREZ, SHIRLEY BEERS, TINA PHETPHOUVONG, MARY DALOS, and FRESNO DEPARTMENT OF SOCIAL SERVICES,<br><br>　　　　　Defendants. | CASE NO. 1:18-cv-00769-LJO-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.　　INTRODUCTION

On June 6, 2018, Plaintiff David King, proceeding *pro se*, filed a civil complaint against Defendants Lorraine Ramirez, in her "official capacity" as a "Social Worker Emergency Response Unit Specialist"; Shirley Beers, in her "official capacity" as a "Social Worker III Court Specialist"; Tina Phetphouvong, in her "official capacity" as a "Social Worker Reunification Specilist [sic]";

Mary Dolas[1], in her "official capacity" as a "Magistrat [sic] Juvenile Dependency Judge"; and "Fresno Department of Social Services." (Doc. 1.) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for violations of his rights to due process and equal protection of the laws and for negligence under California law. (*Id.* at 3, 5, 8–9.) Plaintiff seeks compensatory damages in the amount of $333,333.00. (*Id.* at 6, 8.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a first amended complaint.

### A. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain

---

[1] Judge Dolas is incorrectly identified in the complaint and the caption of plaintiff's complaint as Mary "Dalos."

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's complaint is not a model of clarity. However, it appears that the gist of the allegations is that his Plaintiff's due process and equal protection rights were violated by the failure

to "summon[]" him, a non-resident of California, to "appear before the Team Decision Making Meeting Staffing" on October 9, 2014, after which a "Detention Hearing and Proceeding" was held on October 14, 2014, that resulted in a "decision" by the "lower court judge" not to place Plaintiff's son in his custody. (*See* Doc. 1.) Plaintiff appears to allege that on February 2, 2017, a juvenile dependency hearing occurred before Defendant Dolas that resulted the termination of Plaintiff's parental rights. (*Id*. at 5.) Plaintiff alleges that these acts violated his rights of due process and equal protection of the laws and amounted to negligence. He claims "pain and suffering" and seeks $333,333.00.

None of the claims alleged relate to any specific defendant, nor are the claims alleged against all Defendants. Several of the defendants named are not identified in Plaintiff's allegations, and it is unclear what claims Plaintiffs are seeking to assert against those Defendants. It is therefore impossible to discern what claims are being made against which defendants and what facts support those claims. Plaintiff fails to clearly set forth the specific facts that support the specific claims against the specific Defendants. *See* Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff, however, is provided the pleading requirements, the standards for claims for the rights he asserts have been violated, and leave to file a first amended complaint.

**B. Legal Standards**

**1. Immunity**

**a. Magistrate Judge Dolas**

Plaintiff names as a defendant Mary Dolas, a judicial officer who presides over juvenile dependency proceedings in the Fresno County Superior Court. State court judges are "absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, *i.e*., whether it is a function normally performed by a judge, and to (2) the

4

expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Factors that bear on whether a particular act is judicial include whether (1) the precise act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered on a case then pending before the judge, and (4) the events arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57.

Although the complaint is vague, it appears Plaintiff is attempting to state a claim against Defendant Dolas in her "official capacity," based solely on that judge's participation in juvenile dependency proceedings as a judicial officer. (*See* Doc. 1 at 3, 5.) That sort of claim is barred, and the Court discerns no allegation of specific conduct that falls outside the scope of judicial immunity. Thus, there is no cognizable claim stated against Defendant Dolas.

### b. Social Workers Ramirez, Beers, and Phetphouvong

Plaintiff purports to allege claims against Defendants Ramirez, Beers, and Phetphouvong in their "official capacities" as social workers with the Fresno County Department of Social Services. (*See* Doc. 1 at 2–3.)

Social workers are absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) ); see also *Meyers v. Contra Costa Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008). "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or

recommendations." *Tamas v. Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003). Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id.*

Here, Plaintiff does not specify what particular acts undertaken by Defendants Ramirez, Beers, and Phetphouvong he claims were wrongful. Thus, other than asserting his claims against Defendants Ramirez, Beers, and Phetphouvong in their "official capacities," Plaintiff's complaint does not plead adequate facts from which the Court can determine whether these defendants' activities were quasi-prosecutorial or quasi-judicial in nature, which would entitle them to absolute immunity from liability for Plaintiff's claims; or investigative or discretionary functions, to which qualified immunity would apply; or neither. Accordingly, Plaintiff's claims against Defendants Ramirez, Beers, and Phetphouvong are dismissed with leave to amend to attempt to state a claim that would not be barred by immunity.

## 2. Section 1983

It appears that Plaintiff is seeking to address purported violations of his civil rights by attempting to assert claims pursuant to Section 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must further demonstrate that each defendant

personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Plaintiff must clearly identify which defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### a. "Official Capacity"

As noted above, social workers Ramirez, Beers, and Phetphouvong are named as defendants in their "official capacities." Section 1983 claims against government officials in their official capacity "are really suits against the government employer because the employer must pay any damages awarded. In such, the real party in interest is the entity for which the official works." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159–60 (E.D. Cal. 2010) (citation omitted). See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."). Thus, for Defendants Ramirez, Beers, and Phetphouvong, the real party in interest is the entity for which they work, which is alleged to be the Fresno County Department of Social Services. (*See* Compl. at 2–3.)

Where, as here, a plaintiff has sued both an employee in his/her official capacity and sued his/her employer, the individual capacity suit is dismissed as redundant. *See Contreras,* 725 F. Supp. 2d at 1160; *Enriquez v. City of Fresno*, No. CV F 10-0581 AWI DLB, 2010 WL 2490969, at *5 (E.D. Cal. June 16, 2010). Accordingly, Plaintiff's claims against Defendants Ramirez, Beers, and Phetphouvong in their official capacity are redundant and therefore not cognizable. The Court will grant Plaintiff leave to amend his complaint to attempt to state claims under Section 1983 against Defendants Ramirez, Beers, and Phetphouvong in their *personal* capacities that are not barred either by immunity (*see* Section II.B.1.b, *supra*) or the applicable statutes of limitations (*see* Section II.B.4, *infra*).

### b. Fourteenth Amendment—Due Process

Plaintiff appears to allege that his "due process" rights were violated in the context of

juvenile dependency proceedings relating to his son. (*See* Compl. at 5, 8.) Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference. . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."). *See also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

Here, Plaintiff alleges that the "lower court judge" decided in juvenile dependency proceedings on October 14, 2014, not to place Plaintiff's son in Plaintiff's custody, which was a "civil procedure plain error." (Doc. 1 at 5.) He pleads no facts, however, sufficient to demonstrate Plaintiff was not accorded the bedrock due process rights of notice and an opportunity to be heard at this proceeding. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Nor are there any facts alleging "reckless, intentional and deliberate acts and omissions of defendants" constituting an "unwarranted interference" with the rights of family members. *Cf. Lee*, 250 F.3d at 685–86.

To the extent Plaintiff contends the failure to be "summoned to appear before the Team Decision Making Meeting Staffing" violated his procedural due process rights, his complaint still fails to state a claim. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies."

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "State law establishes a liberty interest if it places substantive limitations on the exercise of official discretion." *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993) (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

Plaintiff has not pleaded any facts sufficient to show that he had a liberty interest in being "summoned" to attend a "Team Decision Making Meeting." The mere fact that state rules and regulations create certain procedural requirements does not, without more, provide a basis for a constitutionally cognizable liberty interest. *See Campbell v. Woodford*, No. CIV S-04-1803 GEB DAD P, 2006 WL 2849883, at *1 (E.D. Cal. Oct. 3, 2006) ("State laws and regulations that contain merely procedural requirements, even if those requirements are mandatory under state law, do not give rise to a constitutionally cognizable liberty interest."). Plaintiff is granted leave to amend to attempt to state a claim for violation of his due process rights that is not barred either by immunity (*see* Section B.1b, *supra*) or the applicable statutes of limitations (*see* Section II.B.4, *infra*).

### c. Fourteenth Amendment—Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003) (citation omitted). "Denials [of the equal protection of the laws] by any person acting under color of state law are actionable under [Section] 1983." *Dyess ex rel. Dyess v. Tehachapi Unified Sch. Dist.*, No. 1:10–CV–00166–AWI–JLT, 2010 WL 3154013, at *6 (E.D. Cal. Aug. 6, 2010). To state an equal protection claim under Section 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging that he as an individual "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, allegations that a defendant

has merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12–0439 GW (SS), 2013 WL 5230689, at *3–5 (C.D. Cal. Sept. 17, 2013) (citing Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1990); Geinosky v. City of Chicago, 675 F.3d 743, 747 (7th Cir. 2012) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . . .") (internal quotation marks omitted)).

There is no allegation in Plaintiff's complaint that Plaintiff is a member of a protected class for purposes of the Equal Protection Clause, nor are there any there are no facts in the record tending to suggest that he was treated differently than other "non resident[s]" with no rational basis for the difference in treatment. Plaintiff has therefore failed to state a cognizable claim for a violation of the Fourteenth Amendment's Equal Protection Clause.

### d. Defendant "Fresno Department of Social Services"

Plaintiff names the Fresno County Department of Social Services as a defendant. Municipal departments, however, are not appropriate defendants in a Section 1983 suit. As set forth above, under Section 1983 only a "person" acting under color of law may be sued for claims. The term "persons" under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–996 (N.D. Cal.1996). But "persons" does not include municipal departments. *Id.* "[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991). *See also, e.g., Stoll. v. Cty. of Kern*, No. 1:05-CV-01059 OWW SMS, 2008 WL 4218492, at *5 (E.D. Cal. Sept. 8, 2008) (dismissing from suit the defendant Kern County Welfare Department, a municipal department of the defendant County of Kern). The Court will provide Plaintiff with the legal standard applicable to a claim under Section 1983 brought against the County of Fresno (the "County"). *See id*.

There is no *respondeat superior* liability under Section 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698

F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against the County merely because that entity employed any alleged wrongdoers, as Plaintiff appears to plead.

Local governments, such as the County, are "persons" subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68.

Leave to amend is granted so that Plaintiff may attempt to allege a Section 1983 claim against the County that is not barred by the applicable statutes of limitations (*see* Section II.B.4, *infra*). Plaintiff must be careful to allege the specific policy, custom or practices that he contends give rise to liability.

### 3. State Law Negligence Claim

#### a. Government Claims Act

To the extent Plaintiff alleges that one or more defendants were negligent under California law (*see* Doc. 8–9), he has failed to allege necessary compliance with the California Government Claims Act.

Under the California Government Claims Act ("CGCA"),[2] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against

---

[2] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

11

a public employee or entity unless the plaintiff first presented the tort claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239 (fn. omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action filed pursuant to Section 1983 may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Plaintiff fails to allege facts to demonstrate his compliance with the CGCA, so as to be allowed to pursue claims for negligence.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117–18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). If Plaintiff has complied with the CTCA, jurisdiction over his claims under California law will only be exercised by this Court as long as he has federal claims pending.[3]

### 4. Statutes of Limitations

Plaintiff's complaint alleges that the events giving rise to his claim occurred on October 14, 2014. (Doc. 1 at 5.) Section 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for

---

[3] Plaintiff also attempts to plead the existence of diversity jurisdiction under 28 U.S.C. § 1332. (*See* Compl. at 7–9.) Under § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Here, Plaintiff alleges an amount in controversy of $333,333, which exceeds the $75,000 threshold. (Compl. at 6, 8.) The Court cannot determine from the complaint, however, how Plaintiff reached this number. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007) (a court "cannot base [its] jurisdiction on a [party's] speculation and conjecture."); *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (even if unchallenged by the opposing party, "the court may still insist that the jurisdictional facts be established or the case be dismissed, and…may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."). To establish jurisdiction, Plaintiff must provide facts or calculations establishing how he arrived at the $333,333 demand, and what proportion of this amount is attributable to any individual defendant. *See Campbell v. Vitran Express, Inc.*, No. C 10-04442-RGK-SHX, 2010 WL 4971944, at *3 (C.D. Cal. Aug.16, 2010) (estimates by a party cannot be based on calculations that are "devoid of any concrete evidence…"). Plaintiff has failed to do so.
    The more critical defect, however, is that Plaintiff's complaint fails to establish complete diversity of citizenship between the parties. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010) (emphasis added). Diversity is determined by citizenship of the parties as of the filing of the original complaint. *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Although Plaintiff alleges he "is resided" of Clark County, Las Vegas, Nevada (*see* Compl. at 8), Plaintiff lists his address as in Fresno, California (*Id.* at 2, 7), and it is undisputed that the defendants are also citizens of California (*Id.* at 2–3, 8). Because the named defendants have the same citizenship as Plaintiff, the Court has no diversity jurisdiction over this matter.

personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Before 2003, California's statute of limitations for personal injury actions was one year. *See Jones*, 393 F.3d at 927. Effective January 1, 2003, however, in California, that limitations period became two years. *See id.*; Cal. Code Civ. Proc. § 335.1. Plaintiff's state law negligence claim is also subject to a two-year statute of limitations for the "wrongful act or neglect of another." *See* Cal. Code Civ. Proc. § 335.1.

Here, this action was filed on June 6, 2018. (Doc. 1.) Accordingly, in the absence of tolling, events prior to June 6, 2016, would not give rise to either a Section 1983 cause of action or a state law negligence claim.

### III. CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ .P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a cognizable federal claim;

2. Within twenty-one (21) days from the date of service of this order, Plaintiff shall file

an amended complaint; and

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: __**September 11, 2018**__  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE